OPINION OF THE COURT
Patrick W. McGinley, J.
Defense counsel, appointed to represent the defendant under article 18-B of the County Law, moves to withdraw from further representation of the defendant under section 718 of the County Law and to recuse the Trial Judge under section 14 of the Judiciary Law.
Defendant Salquerro was indicted on February 5, 1980 for attempted murder and robbery. He stands accused of beating the victim with a blunt instrument and of stabbing him with an ice pick during the commission of the robbery. The defendant has been incarcerated since his arrest on January 1, 1980. On October 6, 1980, the day before trial was to commence, defense counsel spoke with his client concerning his anticipated defense. During this discussion, the defendant unequivocally informed counsel that he intended to lie when he testified in his own behalf. Upon learning of his client’s intention, counsel immediately informed both the court and the Assistant District Attorney. *156 Neither the nature nor substance of any anticipated false testimony was communicated to the court.
In a letter submitted October 8, 1980, defense counsel expressed concern over his decision to reveal his client’s perjurious intention. Counsel’s motion to withdraw was prompted by this disclosure which he feels may have “destroyed totally the necessary confidence that a client must have in his attorney in order to receive the effective assistance of counsel which the Sixth Amendment guarantees.”
The question of defense counsel’s obligation when his client informs him that he is going to commit perjury is a troublesome one. However, there can never be a real conflict between the attorney’s obligation to provide a zealous defense and his moral duties to himself and the court.
The starting point in our examination of the issues raised herein is the American Bar Association Code of Professional Responsibility, as adopted by the New York State Bar Association. (McKinney’s Cons Laws of NY, Book 29, Judiciary Law, Appendix, p 351.) No definitive rule is provided by the code. However, disciplinary rule (DR) 7-102 (A) (4) states that “In his representation of a client, a lawyer shall not; *** Knowingly use perjured testimony or false evidence.” An attorney who does use such testimony is subject to disciplinary sanctions.
In addition, DR 7-102 (B) (1) states that: “A lawyer who receives information clearly establishing that: * * * His client has, in the course of the representation, perpetrated a fraud upon a person or tribunal shall promptly call upon his client to rectify the same, and if his client refuses or is unable to do so, he shall reveal the fraud to the affected person or tribunal, except when the information is protected as a confidence or secret.”
“Fraud on the court * * * can be characterized as a scheme to interfere with the judicial machinery performing the task of impartial adjudication *** A finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as *** fabrication of evidence by counsel” (Pfizer Inc. v International Rectifier Corp., 538 F2d 180, 195). An attorney who know *157 ingly presents perjured testimony is practicing a fraud on the tribunal (Lefstein, The Criminal Defendant who Proposes Perjury: Rethinking the Defense Lawyer’s Dilemma, 6 Hofstra L Rev 665).
Implicit in counsel’s dilemma is the concern that he may have violated canon 4’s duty to preserve the confidences and secrets of his client. However, the information revealed herein by counsel was not a protected “confidence or secret”, since according to DR 4-101 (C) (3), “A lawyer may reveal: * * * The intention of his client to commit a crime and the information necessary to prevent the crime.” Clearly, defense counsel did not violate canon 4 because he revealed his client’s intention to commit the crime of perjury.
Counsel, in the first instance, evidently did not seek to dissuade his client from going through with his stated intention to commit perjury. However, it cannot be assumed that counsel will not attempt to dissuade the defendant from committing perjury between now and the date of trial. In any event, counsel’s decision to inform the court of the defendant’s plan was highly laudable and in conformity with standards announced by bar associations, courts of sister States, and commentators.[1]
The question of whether or not to grant a criminal defense attorney’s motion to withdraw in this situation is not without difficulty. EC 2-32 of the code states: “A decision by a lawyer to withdraw should be made only on the basis of compelling circumstances”. In this case, if the attorney is permitted to withdraw, the problem of the anticipated perjury and resultant fraud upon the court will not be resolved.
If the motions to withdraw and recuse are granted, substitution of court and counsel, unaware of the possibil *158 ity of peijury, may overtly facilitate, or appear to condone, a fraud upon the court. Such substitution procedures would effectively cloak the problem; however, this ostrich-like approach would do little to resolve it.
A defendant inclined to commit peijury may find another attorney who lacks the ethical standards possessed by his present attorney, and who may readily present his client’s falsified story, or who at the very least would not impede its telling. Such a defendant may even be less candid with a new attorney and keep his peijurious intern tians to himself. Alternatively, bolstered by the success of his first disclosure in postponing trial, such defendant might be equally frank with a new attorney, in order to further delay the proceedings.
If thfe motion to withdraw is denied, certain problems remain for the attorney, i.e., how to prevent the peijury and still preserve the defendant’s right to take the witness stand in his own defense. These problems are manageable, however; they relate to trial practice and may be addressed as any other procedure or evidentiary matter at the appropriate time.
If at trial there remains a chance of perjured testimony, formulas have been proposed which preserve the sanctity of the tribunal and the ethical standards that counsel, as an officer of the court, has vowed to uphold. Under such a formula, the responsibility for committing or not committing a fraud on the tribunal lies with the defendant, and not with his attorney, and the jury, as the ultimate trier of fact, will decide the issue of whether the defendant’s testimony is credible.
One possible solution involves a two-step process: First, as this counsel has done, the attorney should inform the court of the client’s intention to commit perjury, as suggested by Informal Opinion 1314 (see 62 Amer Bar Assn J 1352). In the second step, the attorney may follow the procedure set out in subdivision (c) of section 7.7 of the American Bar Association Project on Standards Relating to the Administration of Criminal Justice: The Defense Function (1971). This section states: “If withdrawal from the case is not feasible or is not permitted by the court, or if *159 the situation arises during the trial and the defendant insists upon testifying falsely in his own behalf, it is unprofessional conduct for the lawyer to lend his aid to the perjury or use the perjured testimony. Before the defendant takes the stand in these circumstances, the lawyer should make a record of the fact that the defendant is taking the stand against the advice of counsel in some appropriate manner without revealing the fact to the court. The lawyer must confine his examination to identifying the witness as the defendant and permitting him to make his statement to the trier or the triers of the facts; the lawyer may not engage in direct examination of the defendant as a witness in the conventional manner and may not later argue the defendant’s known false version of facts to the jury as worthy of belief and he may not recite or rely upon the false testimony in his closing argument.”
Under this procedure, a defendant is afforded his right to speak to the jury under oath. The constitutional right to assistance of counsel is also preserved, but the defense attorney is protected from participation in the fraud. (ABA Standards, the Defense Function, § 7.7, Commentary; cf. Lefstein, The Criminal Defendant Who Proposes Peijury: Rethinking the Defense Lawyer’s Dilemma, 6 Hofstra L Rev 665.)
The determination of whether or not to grant a motion to withdraw rests within the sound discretion of the trial court. (State v Henderson, 205 Kan 231, supra.) In Henderson, the defendant told his court-appointed attorney, four days before trial, that he was going to lie on the witness stand. Counsel then informed the prosecutor and Judge that he would be unable to represent the defendant. The Judge denied his motion to withdraw. The trial court held that the attorney had acted in an ethical manner since counsel is not “required to stultify himself by tendering evidence or making any statement which he knows to be false as a matter of fact in an attempt to obtain an acquittal at any cost.” (Supra, p 236.) The court held that as long as the trial court reasonably believed that the attorney could continue to provide effective assistance in the presentation of a defense, the trial court’s action in refusing to appoint new counsel was justified. This court finds that *160 counsel herein can provide effective assistance in the presentation of a defense.[2]
“It is axiomatic that the right of a client to effective counsel in any case (criminal or civil) does not include the right to compel counsel to knowingly assist or participate in the commission of perjury or the creation of false evidence.” (ABA Informal Opn 1314.) It is equally clear that the defendant is not entitled to appointment of a new attorney in order to be assisted in any possible perjury. Accordingly, the motion of defense counsel to withdraw is denied.
The motion to have this court disqualify itself from this case is also denied. Section 14 of the Judiciary Law provides for disqualification of a Judge when he is connected with a case as a party or prior counsel, or by financial interest or consanguinity. “Prior knowledge of the issues or the parties acquired as a Judge, or even prior ruling on the very issues, is no ground for disqualification.” (Matter of Diana A., 65 Misc 2d 1034, 1036.) It should be noted that this trial is to be conducted as a jury trial, with the jury rendering the final decision as to whether the People have proved defendant’s guilt beyond a reasonable doubt.
The principal argument raised in support of granting the motion to recuse the Trial Judge is that since it is the Judge’s function to sentence the defendant, it is likely that the Judge will be prejudiced against him because of his knowledge that the defendant stated an unlawful intention at one point. Of course, it would be improper for this court to assume that the defendant will go through with his proposal. Moreover, any succeeding Judge, who would preside at sentencing, would undoubtedly be apprised of the fact and nature of this motion from court records or probation investigation.
Similarly, there are many pretrial proceedings where past conduct or incriminating statements of the defendant are brought before the Trial Judge but which do not require his disqualification. In motions to suppress, for *161 example, the Judge is regularly informed of incriminating statements or evidence which may later be excluded at trial. Nevertheless, the Judge, although aware of the existence of such evidence, upon conviction, is not thereby disqualified from imposing sentence upon the defendant.
For the above-stated reasons, defense counsel’s motions are denied.

. See the American Bar Association Committee on Ethics and Professional Responsibility, Informal Opinion No. 1314 (March 25, 1975); comment to rule 3.1 (Jan. 30, 1980 Discussion Draft of Model Rules of Professional Conduct of the American Bar Association’s Commission on Evaluation of Professional Standards); Carter v Bordenkircher (226 SE2d 711 [W Va]); Thorton v United States (357 A2d [DC App] 429); State v Henderson (205 Kan 231); Wolfram, Client Perjury (50 So Cal L Rev 809). However, see Freedman, Professional Responsibility of the Criminal Defense Lawyer: The Three Hardest Questions (64 Mich L Rev 1469). Professor Freedman, in a much criticized article, proposes that the defense attorney in axriminal case refrain from revealing his client’s intention to commit perjury.

. After the attorney in Henderson made his opening statement, presented witnesses and informed the defendant of his right to take the stand and “tell his story”, the defendant declined to do so. There is no way of knowing at this time what the defendant in this case will do during trial.