THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEVEN APPEL, Respondent.

Third Department, December 4, 1986

APPEARANCES OF COUNSEL

*Sol Greenberg, District Attorney (Paul A. Clyne* of counsel), for appellant.

*Joseph F. Donnelly* for respondent.

**OPINION OF THE COURT**

MAIN, J.

At issue in this case is the so-called ethical dilemma faced by defense attorneys when a client expresses a desire to perjure himself. Here, defendant, charged with robbery in the first degree, was offered a plea bargain of six months in jail and five years of probation in exchange for his plea of guilty to a class D felony and his testimony against his codefendant. Although he insisted upon his and his codefendant's innocence, defendant expressed a desire to accept this plea agreement. Defense counsel, however, informed defendant that he could not accept the plea as long as he continued to insist upon his innocence, since by taking the plea and testifying against his codefendant he would be committing perjury. Counsel further told defendant that otherwise, if he wanted to take the plea, he should fire defense counsel and hire another attorney. In addition, counsel attempted to negotiate an *Alford* plea *(see, North Carolina v Alford,* 400 US 25) so that defendant would not have to admit his guilt. However, County Court was unwilling to accept such a plea. Defense counsel continued representing defendant, the case proceeded to trial, and defendant was convicted of robbery in the first degree, a conviction which was affirmed by this court (103 AD2d 860, *lv denied* 63 NY2d 945).

Defendant thereafter moved to vacate his conviction pursuant to CPL 440.10 (1) and to set aside his sentence pursuant to CPL 440.20 (1), contending that he had been denied effective assistance of counsel. Finding that defense counsel should not have refused to allow defendant to accept the plea agreement, County Court set aside defendant's sentence, ordered resentencing in accordance with the plea agreement, vacated defendant's conviction and provided him with an opportunity to plead guilty to a class D felony. The People have appealed.

We find that County Court erred in vacating defendant's conviction and setting aside his sentence. Although we agree with defendant that, if in fact defense counsel's conduct in refusing to allow defendant to accept the plea agreement constituted a deprivation of defendant's rights, the fact that

he subsequently received a fair trial would not remedy the deprivation *(see, United States ex rel. Caruso v Zelinsky,* 689 F2d 435, 438), we do not believe that defendant has in fact been deprived of his rights. Defense counsel had an ethical duty not to assist in the presentation of perjured testimony to the court *(see,* Code of Professional Responsibility, EC 7-26; DR 7-102), and the ethical requirement that he zealously represent his client cannot overcome the proscription against aiding the giving of perjured testimony *(see, Matter of Malone,* 105 AD2d 455, 458, *affd* 65 NY2d 772). Defense counsel's actions in respect to this duty were appropriate: he informed defendant of his ethical obligations, urged defendant to fire him if he wanted to take the plea, and attempted to negotiate an *Alford* plea so that defendant would not have to admit his guilt. Given counsel's ethical obligations, and based on this record and the circumstances of the case, we cannot find defense counsel's representation to have been ineffective.

County Court apparently was of the opinion that defense counsel violated Code of Professional Responsibility, EC 7-7 by preventing defendant from accepting the plea agreement, and that, instead, he should have simply revealed to the court defendant's intention to commit perjury. We would note, however, that breach of an ethical standard would not necessarily constitute ineffective assistance of counsel *(Nix v Whiteside,* 475 US —, —, 106 S Ct 988, 994), and at any rate we are unwilling to consider defense counsel's conduct as a breach of an ethical standard, given his duty not to assist in the presentation of perjured testimony. With regard to County Court's belief that defense counsel properly should have informed the court of defendant's intent to commit perjury, we note that "[i]t is always easy with the advantage of hindsight to point out where trial counsel went awry" *(People v Baldi,* 54 NY2d 137, 146). Assuming that County Court's suggestion would have provided a better way for defense counsel to proceed, we cannot say that the method actually followed deprived defendant of his rights. Accordingly, defendant's conviction for robbery in the first degree and sentence of 6⅔ to 20 years' imprisonment should be reinstated.

KANE, J. P., YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Order reversed, on the law and the facts, and motion

denied; defendant's judgment of conviction for robbery in the first degree reinstated and the judgment of conviction for robbery in the third degree vacated; defendant's sentence of six months' jail time and five years' probation set aside and defendant's sentence of 6⅔ to 20 years' imprisonment reinstated.