▮▮▮▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD TYLER, Appellant. [667 NYS2d 578] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant was convicted following a jury trial of robbery in the second degree (Penal Law § 160.10 [3]) and robbery in the third degree (Penal Law § 160.05). We reject defendant's contention that County Court abused its discretion in denying the applications of defense counsel and defendant during trial for substituted counsel (*see, People v Morris*, 231 AD2d 911, *lv denied* 89 NY2d 927, 1097). Any conflict of interest between defendant and his attorney was of defendant's own making, the result of the expressed desire of defendant to take the stand and perjure himself (*see, Nix v Whiteside*, 475 US 157, 176). Defense counsel refused to conduct a direct examination of defendant, and defendant, upon taking the stand, refused to give a narrative account. We reject the contention that defendant was thereby denied effective assistance of counsel. There is no constitutional right to commit perjury (*United States v Dunnigan*, 507 US 87, 96), nor is there a constitutional right to the assistance of counsel to commit perjury (*Nix v Whiteside, supra*, at 173). To facilitate the orderly progress of the trial, the court attempted to conduct a direct examination of defendant, but after a few questions defendant refused to cooperate and complained to the jury that his attorney was refusing to defend him. The court was impartial and dispassionate in its examination. Thus, no error was committed (*see, People v Yut Wai Tom*, 53 NY2d 44, 55-57). The mistrial motion of defendant, predicated upon his own contumacious behavior, was properly denied (*see, People v Nathan*, 110 AD2d 858). Additionally, defendant failed to preserve for our review alleged instances of misconduct by the prosecutor in summation (*see,* CPL 470.05 [2]; *People v Dawson*, 50 NY2d 311, 324), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Finally, the definite sentence of seven years imposed upon defendant's conviction of robbery in the third degree is illegal (Penal Law § 70.06 [3] [d]), and thus we reduce such sentence to a concurrent term of incarceration of 3½ to 7 years. We reject the contention of defendant that his sentence is otherwise unduly harsh or severe. (Appeal from Judgment of Onondaga

County Court, Burke, J.—Robbery, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.