THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENARO CAMPOS, Appellant. [672 NYS2d 680] —Judgment,

Supreme Court, Bronx County (David Stadtmauer, J.), rendered September 12, 1997, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and resentencing him, as a persistent violent felony offender, to a term of 6 years to life, unanimously affirmed.

Defendant's contention that a purported conflict of interest between himself and his trial attorney deprived him of effective assistance of counsel is without merit. Since an attorney's ethical duty to advance the interest of his or her client is circumscribed by an "equally solemn duty" to "prevent and disclose frauds upon the court" (*Nix v Whiteside*, 475 US 157, 168-169), counsel properly informed the court about defendant's confidential request to have counsel participate in defendant's apparent plan to lay a false foundation for a speedy trial application. Counsel's conduct did not create or evince any actual potential conflict of interest between counsel's own interests and defendant's interests (*supra*; *People v Tyler*, 245 AD2d 1100) and, in any event, even if such conflict existed, defendant has made no showing that it affected counsel's conduct of the defense (*see*, *People v Ortiz*, 76 NY2d 652, 657). We have reviewed defendant's remaining arguments in this connection and find them to be without merit.

We perceive no abuse of discretion, and find that the court weighed the proper criteria (*see*, Penal Law § 70.25 [2-b]), in the court's imposition of sentence consecutive to a sentence imposed under another weapon possession indictment upon which defendant had been on bail at the time of the instant crime. Concur—Milonas, J. P., Wallach, Tom, Mazzarelli and Saxe, JJ.