OPINION OF THE COURT
 

 Wesley, J.
 

 This case calls upon us to clarify a defense attorney’s responsibilities when confronted with the dilemma that a client intends to commit perjury.
 

 Defendant and his accomplices executed a calculated attack on a 71-year-old man, ransacking his home, stabbing him repeatedly with a knife and scissors, and finally bludgeoning him to death with a shovel. Defendant’s blood was found at the scene and on the victim’s clothing. Defendant’s fingerprint was also discovered in the home and, upon arrest, he made several incriminating statements placing him at the scene of the crime. Defendant also insisted on making a statement during pretrial proceedings in which he admitted that he had forced one of his accomplices to participate in the crime under threat of death.
 

 At trial, defense counsel noted at a sidebar that he had advised defendant that he did not have to testify and should not testify, but if he did, he should do so truthfully. Defendant confirmed counsel’s statements to the court but insisted on testifying. Defense counsel elicited defendant’s direct testimony in narrative form. Defendant testified that he was home the entire evening of the crime, and that his contrary statements to the police were induced by promises that he could return home. During the prosecutor’s cross-examination, defense' counsel made numerous objections.
 

 After both sides rested, defense counsel addressed the court in Chambers, outside the presence of defendant and the prosecutor. Counsel stated:
 

 “prior to the [defendant’s] testimony, I informed the Court that * * * the defendant was going to take the witness stand, and that he had previously told me he was involved in this homicide. Although
 
 *440
 
 I did not get into details with him, I don’t know exactly what his involvement was, but he had stated to me that he was there that night, he had gotten at least that far.
 

 “Knowing that, I told the defendant I cannot participate in any kind of perjury, and you really shouldn’t peijure yourself. But, he, you know, dealing with him is kind of difficult and he was insistent upon taking the stand. He never told me what he was going to say, but I knew it was not going to be the truth, at least to the extent of him denying participation.”
 

 The court then noted that counsel had complied with the procedures for such circumstances as outlined in
 
 People v Salquerro
 
 (107 Misc 2d 155,
 
 affd
 
 92 AD2d 1091,
 
 lv denied
 
 59 NY2d 977). During summations, defense counsel did not refer to defendant’s trial testimony. Defendant was convicted of two counts of second degree murder (intentional and felony murder based on the burglary), two counts of first degree robbery, two counts of first degree burglary, and one count of second degree robbery. The Appellate Division affirmed, rejecting defendant’s claims that he was denied effective assistance of counsel when his attorney disclosed the perjured testimony to the court and that the ex parte conference was a material stage of trial. A Judge of this Court granted leave to appeal, and we now affirm.
 

 The ethical dilemma presented by this case is not new. Defense attorneys have confronted the problem of client perjury since the latter part of the 19th century when the disqualification of criminal defendants to testify in their own defense was abolished by statute in federal courts and in most states, including New York in 1869
 
 (see, Ferguson v Georgia,
 
 365 US 570, 574-577;
 
 see also,
 
 L 1869, ch 678). A lawyer with a perjurious client must contend with competing considerations — duties of zealous advocacy, confidentiality and loyalty to the client on the one hand, and a responsibility to the courts and our truth-seeking system of justice on the other. Courts, bar associations and commentators have struggled to define the most appropriate role for counsel caught in such situations
 
 (compare
 
 Wolfram,
 
 Client Perjury,
 
 50 S Cal L Rev 809 [1977] [emphasizing the truth-seeking function of the judicial system]
 
 with
 
 Freedman,
 
 Professional Responsibility of the Criminal Defense Lawyer: The Three Hardest Questions,
 
 64 Mich L Rev 1469
 
 *441
 
 [1966] [arguing that attorney’s duty of confidentiality is paramount]).
 

 Opinion per Wesley, J.
 

 Notwithstanding these ethical concerns, a defendant’s right to testify at trial does not include a right to commit perjury
 
 (see, United States v Dunnigan,
 
 507 US 87, 96;
 
 Harris v New York,
 
 401 US 222, 225), and the Sixth Amendment right to the assistance of counsel does not compel counsel to assist or participate in the presentation of perjured testimony
 
 (see, Nix v Whiteside,
 
 475 US 157, 173). In light of these limitations, an attorney’s duty to zealously represent a client is circumscribed by an “equally solemn duty to comply with the law and standards of professional conduct * * * to prevent and disclose frauds upon the court”
 
 (id.,
 
 at 168-169). The United States Supreme Court has noted that counsel must first attempt to persuade the client not to pursue the unlawful course of conduct. If unsuccessful, withdrawal from representation may be an appropriate response, but when confronted with the problem during trial, as here, an “attorney’s revelation of his client’s perjury to the court is a professionally responsible and acceptable response”
 
 (id.,
 
 at 170).
 

 This approach is consistent with the ethical obligations of attorneys under New York’s Code of Professional Responsibility. DR 7-102 (codified at 22 NYCRR 1200.33) expressly prohibits an attorney, under penalty of sanctions, from knowingly using perjured testimony or false evidence (DR 7-102 [a] [4]); knowingly making a false statement of fact (DR 7-102 [a] [5]); participating in the creation or preservation of evidence when the attorney knows, or it is obvious, that the evidence is false (DR 7-102 [a] [6]); counseling or assisting the client in conduct the lawyer knows to be illegal or fraudulent (DR 7-102 [a] [7]); and knowingly engaging in other illegal conduct (DR 7-102 [a] [8];
 
 see also,
 
 EC 7-26). Additionally, DR 7-102 (b) (1) mandates that “[a] lawyer who receives information clearly establishing that * * * [t]he client has, in the course of the representation, perpetrated a fraud upon a * * * tribunal shall promptly call upon the client to rectify the same, and if the client refuses or is unable to do so,
 
 the lawyer shall reveal the fraud to the affected * * * tribunal,
 
 except when the information is protected as a confidence or secret” (emphasis added).
 

 In accordance with these responsibilities, defense counsel first sought to dissuade defendant from testifying falsely, and indeed from testifying at all. Defendant insisted on proceeding to give the perjured testimony and, thereafter, counsel properly notified the court
 
 (see, People v Salquerro,
 
 107 Misc 2d 155,
 
 *442
 

 supra; see also, People v Campos,
 
 249 AD2d 237 [counsel properly informed the court about defendant’s confidential plan to have counsel participate in laying a false foundation for a speedy trial application],
 
 lv denied
 
 92 NY2d 923).
 
 [1]
 

 The intent to commit a crime is not a protected confidence or secret
 
 (see, Nix, supra,
 
 475 US, at 174 [attorney’s duty of confidentiality does not extend to a client’s announced plans to engage in criminal conduct];
 
 see also,
 
 DR 4-101 [c] [3] [22 NYCRR 1200.19] [a lawyer may reveal the intention of his client to commit a crime]). Moreover, in this case defense counsel did not reveal the substance of any client confidence as defendant had already admitted at a pre-trial hearing that he had forced one of his accomplices to participate in the crime under threat of death.
 
 [2]
 

 Finally, defendant contends that his counsel should have sought to withdraw from the case. However, substitution of counsel would do little to resolve the problem and might, in fact, have facilitated any fraud defendant wished to perpetrate upon the court. We agree with
 
 Salquerro
 
 that withdrawal of counsel could present other unsatisfactory scenarios which ultimately could lead to introduction of the perjured testimony in any event or further delay the proceedings
 
 (see, Salquerro, supra,
 
 107 Misc 2d, at 157-158).
 

 In this case, defendant was allowed to present his testimony in narrative form to the jury. The remainder of defense counsel’s representation throughout the trial was more than competent. The lawyer’s actions properly balanced the duties he owed to his client and to the court and criminal justice system; “[s]ince there has been no breach of any
 
 *443
 
 recognized professional duty, it follows that there can be no deprivation of the right to assistance of counsel”
 
 (Nix, supra,
 
 475 US, at 175;
 
 see also, People v Baldi,
 
 54 NY2d 137, 151-152).
 

 We also reject defendant’s contention that his right to be present during a material stage of trial was violated by his absence from the ex parte communication between the court and his attorney. Although a defendant has a constitutional and statutory right to be present at all material stages of a trial, and at ancillary proceedings when he or she may have something valuable to contribute or when presence would have a substantial effect on a defendant’s ability to defend against the charges
 
 (see, People v Williams,
 
 85 NY2d 945, 947 [citations omitted],
 
 cert denied sub nom. Chisholm v New York,
 
 528 US 971;
 
 see also,
 
 CPL 260.20), this right does not extend to circumstances involving matters of law or procedure that have no potential for meaningful input from a defendant
 
 (see, People v Roman,
 
 88 NY2d 18, 27,
 
 rearg denied
 
 88 NY2d 920).
 

 The purpose of this ancillary proceeding was simply to place on the record matters which had already occurred regarding defendant’s perjury and his attorney’s response. The conference memorialized counsel’s dilemma for appellate review and possible analysis of counsel’s professional ethical obligations. Thus, defendant’s presence was not mandated; it had no bearing on his ability to defend against the charges or on the outcome of this jury trial. The situation here is akin to
 
 People v Keen
 
 (94 NY2d 533, 539). In
 
 Keen,
 
 we held that the defendant had no right to be present at two ex parte conferences held at defense counsel’s behest which involved discussions regarding the testimony and anticipated perjury of a key witness — matters which we characterized as simply procedural.
 

 In sum, because the subject matter of the ex parte communication here was merely procedural, and there was no hearing or other factual inquiry beyond that which had transpired earlier in the proceedings, defendant had no right to be present (Keen,
 
 supra,
 
 at 539;
 
 Williams, supra,
 
 at 948;
 
 accord, State v Fosnight,
 
 235 Kan 52, 679 P2d 174 [defendant’s presence not required at in-chambers conference where defense counsel moved to withdraw due to defendant’s intent to commit perjury];
 
 State v Berrysmith,
 
 87 Wash App 268, 944 P2d 397 [defendant had no right to be present at in camera hearing where defense counsel moved to be relieved because he reasonably believed defendant planned to commit perjury]).
 

 
 *444
 
 Defendant’s remaining contention regarding his sentence lacks merit (see,
 
 People v Salcedo,
 
 92 NY2d 1019, 1021;
 
 People v Hladky,
 
 229 AD2d 400,
 
 lv denied
 
 88 NY2d 1068).
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Rosenblatt and Graffeo concur.
 

 Order affirmed.
 

 [1]
 

 . Counsel’s decision to disclose is in accord with standards announced by courts in other jurisdictions, bar associations and commentators
 
 (see, e.g., Hinds v State Bar,
 
 19 Cal 2d 87, 119 P2d 134;
 
 Thornton v United States,
 
 357 A2d 429 [DC],
 
 cert denied
 
 429 US 1024;
 
 State v Henderson,
 
 205 Kan 231, 468 P2d 136;
 
 In re King,
 
 7 Utah 2d 258, 322 P2d 1095;
 
 State v Berrysmith,
 
 87 Wash App 268, 944 P2d 397; ABA Annotated Model Rules of Professional Conduct, rule 3.3, comments 7-11; ABA Committee on Ethics & Professional Responsibility, Formal Opn 87-353 [1987]; ABA Informal Opn 1314 [1975]; Restatement [Third] of Law Governing Lawyers § 120 [2], comment
 
 i;
 
 Wolfram,
 
 Client Perjury, supra; cf.,
 
 Freedman,
 
 The Three Hardest Questions, supra).
 

 [2]
 

 . We do not have occasion to address whether a similar disclosure in the course of a bench trial would be appropriate or implicate any due process concerns
 
 (see, Lowery v Cardwell,
 
 575 F2d 727, 730 [9th Cir] [disclosure of defendant’s perjury to court deprived defendant of fair trial during bench trial where judge, not jury, was fact-finder];
 
 see also,
 
 Restatement [Third] of Law Governing Lawyers § 120, comment
 
 i, supra).