■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS TOLENTINO, Appellant. [791 NYS2d 46]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J., at suppression hearing; Harold Silverman, J., at plea and sentence), rendered April 4, 2003, convicting defendant of murder in the second degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The credible evidence established that prior to viewing a photo array the witness was never exposed to wanted posters or newspaper articles bearing the same image of defendant as was used in the array. Defendant's argument that the witness's memory in this regard may have been faulty or dimmed by the passage of time rests on speculation. In any event, the hearing evidence also established that the witness had been familiar with defendant as a frequent customer in the store where the witness had worked, and that the witness knew defendant from their neighborhood by his nickname.

Defendant's claim that his statement was taken in violation of his right to counsel is unsupported by any evidence. There is no evidence that at the time of his interrogation in Florida on the instant case he was represented by counsel on his pending Florida case. Furthermore, even assuming that he was so represented, the evidence only established that the Florida matter was employed as a means to secure defendant's presence for questioning on the instant case. There is no evidence that the Florida or New York police asked defendant anything about the Florida case. Therefore, in obtaining defendant's confession the police did not exploit the Florida case within the meaning of People v Cohen (90 NY2d 632, 638-642 [1997]). Concur— Buckley, P.J., Mazzarelli, Friedman, Marlow and Sullivan, JJ.