People v JeanBaptiste (2025 NY Slip Op 05313)

People v JeanBaptiste

2025 NY Slip Op 05313

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Ind No. 75363/22|Appeal No. 4817|Case No. 2023-03868|

[*1]The People of the State of New York, Respondent,
v
Gustin JeanBaptiste, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sarah Lubin of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered July 12, 2023, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him to a term of 6 ½ years, unanimously reversed, on the law, and the matter remanded for a new trial.
Defendant did not receive effective assistance of counsel where his counsel created an actual conflict of interest by prematurely disclosing confidential information to the court and where those disclosures far exceeded "a factual explanation of his efforts on his client's behalf" (People v Washington, 25 NY3d 1091, 1095 [2015]; see People v Darrett, 2 AD3d 16, 21-26 [1st Dept 2003]).
During an ex parte and off-the-record conference with the court, after the People concluded their presentation of evidence at trial, defense counsel revealed certain confidential admissions that defendant had made to him while alerting the court that defendant would have to testify in narrative form if he elected to take the witness stand. However, defendant had elected to absent himself from trial prior to the ex parte discussion, after the trial court had warned him that he would forfeit his right to testify if he did so. Thus, counsel's disclosures were premature, particularly considering counsel sought to ascertain whether defendant still intended to testify after making the ex parte record (see Darrett, 2 AD3d at 21-26).
Moreover, prior to the ex parte record, counsel informed the court that he had made certain strategic trial decisions that involved his duty of candor and ethical obligations, which satisfied his "responsibility to the courts and our truth-seeking system of justice" (People v DePallo, 96 NY2d 437, 440 [2001]; see 22 NYCRR 1200.1.6), and from which the court could have easily inferred the need for defendant to testify in narrative form, should he have elected to do so (see People v Andrades, 4 NY3d 355, 360 [2005]). Counsel's disclosures cannot be viewed as simply "address[ing] allegations of ineffectiveness" after having been "asked to by the court" (Washington, 25 NY3d at 1095). The court had already repeatedly denied defendant's application for substitute counsel before counsel volunteered to make an ex parte record.
Accordingly, defendant's counsel created an actual conflict during the pendency of the trial, requiring the judgment of conviction be vacated and the matter remanded for a new trial.
Since we are ordering a new trial, we find it unnecessary to reach defendant's remaining issues. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025