People v Benton
2026 NY Slip Op 04051
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LARRY BENTON, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
83 KA 16-01592
Present: Lindley, J.P., Curran, Ogden, Greenwood, And Hannah, JJ.

ADAM AMIRAULT, BUFFALO, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered May 13, 2016. The judgment convicted defendant upon his plea of guilty of murder in the second degree (two counts), robbery in the first degree (three counts), burglary in the first degree and criminal possession of a weapon in the second degree (two counts).
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a guilty plea of two counts of murder in the second degree (Penal Law § 125.25 [3]), one count of burglary in the first degree (§ 140.30 [2]), three counts of robbery in the first degree (§ 160.15 [1], [2], [3]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). We affirm.
Defendant contends that he was deprived of effective assistance of counsel when defense counsel made certain comments before defendant entered his plea. We reject that contention. Defense counsel's brief statement, made in response to an inquiry from County Court, did not deprive defendant of effective assistance of counsel. In the statement, defense counsel advocated for his client "while maintaining his ethical obligations" (People v DePallo, 275 AD2d 60, 62 [2d Dept 2000], affd 96 NY2d 437 [2001]; see People v Walton, 14 AD3d 419, 420 [1st Dept 2005], lv denied 5 NY3d 796 [2005]; see generally People v Tyler, 245 AD2d 1100, 1100 [4th Dept 1997], lv denied 91 NY2d 978 [1998]).
Defendant failed to preserve for our review his contention that his guilty plea was coerced by the court (see People v Jackson, 233 AD3d 1520, 1520 [4th Dept 2024], lv denied 43 NY3d 930 [2025]). In any event, the court did not coerce defendant into pleading guilty (see People v Pitcher, 126 AD3d 1471, 1472 [4th Dept 2015], lv denied 25 NY3d 1169 [2015]; People v Faison, 270 AD2d 717, 717 [3d Dept 2000]; see generally People v Brown, 14 NY3d 113, 118 [2010]).
We reject defendant's contention that the court erred in refusing to suppress identification evidence (see generally People v Chipp, 75 NY2d 327, 335 [1990], cert denied 498 US 833 [1990]; People v Evans, 137 AD3d 1683, 1683 [4th Dept 2016], lv denied 27 NY3d 1131 [2016]; People v Tolentino, 16 AD3d 181, 181 [1st Dept 2005], lv denied 5 NY3d 770 [2005]).
Finally, defendant's remaining contention does not warrant reversal or modification of the judgment.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court