■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK ANDRADES, Appellant. [772 NYS2d 60]—

Judgment, Supreme Court, Bronx County (John Moore, J.), rendered May 14, 2001, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant was not deprived of his rights to effective assis-

tance of counsel and to a fair suppression hearing when his attorney advised the court, prior to defendant's testimony at the *Huntley* hearing, that he had an "ethical dilemma," that he had unsuccessfully tried to dissuade his client from testifying, and that he planned to present defendant's testimony in narrative form (*see* Code of Professional Responsibility DR 7-102 [22 NYCRR 1200.33]; *Nix v Whiteside*, 475 US 157 [1986]; *People v DePallo*, 96 NY2d 437 [2001]). Although the same court that had received this information from counsel was to sit as finder of fact, this circumstance, standing alone, did not violate defendant's constitutional rights (*see People v Moreno*, 70 NY2d 403, 406 [1987]). Unlike the situation in *People v Darrett* (2 AD3d 16 [2003]), counsel's action was not an "unequivocal announcement" of his client's perjurious intentions (*Lowery v Cardwell*, 575 F2d 727, 730 [9th Cir 1978]), but a "passive refusal to lend aid to . . . perjury" (*id.* at 731). *Darrett* is further distinguishable because in the instant case counsel did not make any premature or unnecessary disclosures of client confidences.

Defendant was not deprived of his right to be present at the ex parte communication between the court and counsel concerning counsel's ethical problem. The colloquy involved matters of law or procedure that had no potential for meaningful input from defendant (*see DePallo*, 96 NY2d at 443; *Lowery*, 575 F2d at 729).

Defendant additionally contends that in its subsequent colloquy with defendant on his request to proceed pro se, the court failed to make sufficient inquiry into the degree of influence defense counsel's perceived "ethical dilemma" had exerted on defendant's decision to represent himself. However, to the extent his claim is based on purported off-the-record conversations he had with his attorney and counsel's purported use of subtle acts of coercion, these issues are not reviewable on direct appeal because they are based on factual allegations outside the record. In any event, the record reveals that the court questioned defendant for nearly an hour before ruling that he could proceed pro se, and ascertained that defendant was concerned, among other things, that his attorney would be unable to ask the witnesses certain questions. It also ascertained that defendant had been considering proceeding pro se for a considerable length of time before counsel's ethical problem arose. To the extent that defendant confronted the choice between having an ethical attorney who would not suborn perjury, or of having no attorney at all, this was a dilemma "of defendant's own making" (*People v Tyler*, 245 AD2d 1100 [1997], *lv denied* 91 NY2d 978 [1998]).

Concur—Buckley, P.J., Nardelli, Sullivan, Williams and Lerner, JJ.