■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MERCURE, Appellant. [851 NYS2d 603]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered March 14, 2005, convicting him of rape in the first degree, sodomy in the first degree (two counts), robbery in the first degree, menacing in the second degree, and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied the effective assistance of trial counsel because his attorney implied that he might commit perjury. Prior to opening statements, the defense counsel sought to withdraw from the case, informing the court that, after having conversations with his client, the defendant would testify in narrative form if he elected to take the stand and counsel would refrain from commenting on the defendant's testimony in summation. A defendant is not deprived of the effective assistance of counsel when his attorney informs the court that the defendant intends to commit perjury, and we find that the defendant's trial counsel here handled the matter ap-

propriately (*see People v Andrades*, 4 NY3d 355, 360 [2005]; *People v DePallo*, 96 NY2d 437, 441-442 [2001]). Moreover, the record reflects that, under the totality of the circumstances, the defendant's trial counsel rendered meaningful representation (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Rivera*, 71 NY2d 705, 708-709 [1988]; *People v Martinez*, 17 AD3d 484, 484-485 [2005]).

The defendant's remaining contentions are without merit. Spolzino, J.P., Ritter, Miller and Dickerson, JJ., concur.