■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUELINE WESLEY, Also Known as JACQUELINE WESLEY-ROSA, Appellant. [21 NYS3d 345]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered July 12, 2012, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, her request for an adjournment to retain private counsel, made on the eve of trial, was properly denied. "[A]bsent exigent or compelling circumstances, a court may, in the exercise of its discretion, deny a defendant's request to substitute counsel made on the eve of or during trial if the defendant has been accorded a reasonable opportunity to retain counsel of his [or her] own choosing before that time" (*People v Arroyave*, 49 NY2d 264, 271 [1980]). Here, the criminal action had been pending against the defendant for more than one year prior to the defendant's eve-of-trial request for an adjournment. Accordingly, the defendant had a reasonable opportunity to retain counsel of her own choosing before requesting an adjournment for that purpose (*see People v Campbell*, 54 AD3d 959 [2008]; *People v Goodwine*, 46 AD3d 702

[2007]; *People v Persad,* 306 AD2d 359 [2003]; *People v Davis,* 299 AD2d 420, 421 [2002]; *People v Gloster,* 175 AD2d 258, 259-260 [1991]). Moreover, there were no "exigent or compelling circumstances" warranting a late adjournment (*People v Arroyave,* 49 NY2d at 271). In that respect, although the defendant made certain generalized complaints about her assigned counsel, "the defendant's assertions did not suggest the serious possibility of a[n] . . . impediment to the defendant's representation by assigned counsel" (*People v Allison,* 69 AD3d 740, 740 [2010]; *see People v Gloster,* 175 AD2d at 259-260).

Further, the defendant was not deprived of due process or a fair trial by the Supreme Court's response to defense counsel's request to elicit the defendant's testimony in narrative form. "[A]n attorney faced with a client who intends to commit perjury has the initial responsibility to attempt to dissuade the client from pursuing the unlawful course of action" (*People v Andrades,* 4 NY3d 355, 360 [2005]; *see Nix v Whiteside,* 475 US 157, 170 [1986]; *People v DePallo,* 96 NY2d 437, 441 [2001]). If such an attempt is unsuccessful, "defense counsel, bound to honor defendant's right to testify on his own behalf, should refrain from eliciting the testimony in traditional question-and-answer form and permit [the] defendant to present his testimony in narrative form" (*People v Andrades,* 4 NY3d at 360; *see People v Mercure,* 47 AD3d 950 [2008]).

Contrary to the defendant's contention, where defense counsel indicates an intention to present the defendant's testimony in narrative form, due process does not require that a record be made of either defense counsel's reasons for believing the defendant will commit perjury or of defense counsel's advice to the defendant regarding the intention to commit perjury or the consequences of that course of action. "A lawyer with a perjurious client must contend with competing considerations—duties of zealous advocacy, confidentiality and loyalty to the client on the one hand, and a responsibility to the courts and our truth-seeking system of justice on the other" (*People v DePallo,* 96 NY2d at 440). Requiring counsel to put on the record his or her reasons for anticipating perjured testimony and the advice proffered to the defendant related to his or her testimony would not strike the appropriate balance between these competing considerations but rather, would present too great a risk that defense counsel would be forced to reveal client confidences (*see generally People v Darrett,* 2 AD3d 16, 24-25 [2003]). A defendant who seeks to challenge counsel's judgment to elicit testimony in narrative form or counsel's advice in that regard may raise those issues in a motion pursuant to CPL 440.10.

Relatedly, the defendant contends that her counsel was ineffective in relation to the decision to present her testimony in narrative form and advising her in that regard, and in eliciting testimony on her direct examination about certain incidents of domestic violence between her and her husband. The defendant further contends, in her pro se supplemental brief, that her counsel was ineffective in failing to retain an expert to contradict certain evidence presented by a medical examiner. The defendant's ineffective assistance claim is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852, 853-854 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, raised in her pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Leventhal, Miller and Duffy, JJ., concur.