# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60823

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2016

Lyle W. Cayce
Clerk

CEDRIC CATCHINGS,

> Petitioner - Appellant

v.

MARSHALL L. FISHER, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS,

> Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi

Before CLEMENT and HAYNES, Circuit Judges, and GARCIA MARMOLEJO, District Judge.[*]

EDITH BROWN CLEMENT, Circuit Judge.

This appeal presents a single issue: Whether Cedric Catchings's habeas petition was timely filed. Because it was filed more than twelve months after his conviction became final on direct review, we conclude that it was untimely.

I.

A Mississippi state court convicted Catchings of capital murder and sentenced him to life in prison. He appealed, but a Mississippi intermediate

---

[*] District Judge for the Southern District of Texas, sitting by designation.

No. 13-60823

court of appeals affirmed his conviction and sentence. Then he filed a petition for certiorari with the Mississippi Supreme Court, which denied that petition on July 22, 2010. More than a year later, on October 21, 2011, he filed a petition for certiorari with the United States Supreme Court. On February 21, 2012, the Supreme Court denied his petition without explanation.

Catchings then petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. His petition was signed November 19, 2012, postmarked February 20, 2013, and filed March 8, 2013. The government moved to dismiss the petition as untimely under section 2244(d)(1)(A). The magistrate judge recommended that the district court grant the motion to dismiss. The district court agreed and dismissed Catchings's petition as untimely. Catchings requested a certificate of appealability from the district court, but the district court denied that request. This court, however, granted a certificate of appealability on the question whether "Catchings's federal habeas petition . . . was untimely following the Supreme Court's unexplained denial on direct appeal of his (apparently) untimely petition for certiorari."

II.

Section 2244(d) provides a one-year limitations period within which a habeas petition must be filed, running from the latest of several occurrences. Only one such occurrence is at issue here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Thus, the timeliness of Catchings's petition depends on whether he filed it within one year from the date on which his conviction became final on direct review or the date on which the time for seeking further direct review expired.

The Mississippi Supreme Court denied Catchings's petition for certiorari on direct review on July 22, 2010. Under Supreme Court Rule 13(1), Catchings's petition for certiorari, if any, with the United States Supreme

No. 13-60823

Court was due on October 20, 2010. Once that date passed, the "time for seeking [direct] review" concluded, thereby making his conviction final, and section 2244(d)(1)(A)'s one-year limitations period began to run. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (explaining that "the decision became final when the time for seeking further direct review expired"); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (noting that conviction became final for petitioner who did not file petition for certiorari "ninety days after judgment was entered" (citing *Caspari v. Bohlen*, 510 U.S. 383 (1994))). Catchings's habeas petition, filed more than two years later, was thus untimely.

Catchings disagrees. He argues that under section 2244(d)(1)(A), his conviction did not become final until February 21, 2012, when the United States Supreme Court denied his petition for certiorari.[1] That petition, filed on October 21, 2011, was, under the Supreme Court's own rules, untimely—by 12 months. Yet Catchings contends that the Supreme Court, by denying his petition without explanation, did not dismiss his petition as untimely but instead exercised its discretion to consider out-of-time criminal petitions and then denied it. Thus, he argues, because the Supreme Court purportedly exercised its discretion to entertain his untimely petition, his conviction did not become final until that petition was denied, making his habeas petition timely.[2]

---

[1] Catchings argues that this would make his habeas petition timely because it was postmarked February 20, 2013, less than a year later.

[2] Catchings makes two additional arguments. First, he contends that his state habeas petition, filed on October 21, 2011 and denied on December 14, 2011, tolled the one-year limitations period under section 2244(d)(2). But even if it did, subtracting the two-month period during which that petition was pending does not make his petition timely—it was filed more than *two years* after his conviction became final.

Second, he maintains that because the Supreme Court returned his petition for certiorari as unaccompanied by a motion for leave to proceed in forma pauperis and gave him 60 days to correct *that defect*, the Supreme Court revived his direct review. We refuse to

No. 13-60823

At its core, Catchings's argument is an attempt to exploit a seeming gap in the Supreme Court's precedents. In *Gonzalez v. Thaler*, 132 S. Ct. 641 (2012), the Supreme Court explained that section 2244(d)(1)(A) divides petitioners into two distinct categories: those who pursue direct review all the way to the Supreme Court and those who do not. For those who do, convictions become final when the Supreme Court "affirms a conviction on the merits or denies a petition for certiorari." *Id.* at 653. For those who do not, convictions become final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires." *Id.* at 653-54; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) (explaining that section 2244(d)(1)(A)'s limitations period begins to run for a petitioner who has pursued his appeal through the highest state court (1) "when the Supreme Court either rejects the petition for certiorari or rules on its merits," or (2) "[i]f no petition is filed," after the "90 days for filing a petition for certiorari to the Supreme Court" expires). What about those who file an untimely petition for certiorari, arguably thus pursuing direct review all the way to the Supreme Court? Into which category do those petitioners fall?

In Catchings's view, because he *eventually* filed a petition for certiorari, he falls into *Gonzalez*'s first category of petitioners: those who pursue direct review all the way to the Supreme Court. Thus, he argues, his limitations period began to run when the Supreme Court rejected his petition.

We reject this argument. That Catchings eventually filed a petition for certiorari, a year late, does not mean that the limitations period did not begin to run when he missed the deadline for doing so—or that he does not fall into

interpret the Clerk of the Supreme Court's action in requiring Catchings to fix a specific filing defect as altogether forgiving the untimeliness of Catchings's petition—indeed, he did not file a motion for an extension as is required under Supreme Court Rule 13(5). We further note that Catchings's argument is unsupported by any authority.

No. 13-60823

*Gonzalez*'s second category of petitioners, those who do not pursue direct review all the way to the Supreme Court because "no petition is filed."[3] *See Gonzalez*, 132 S. Ct. at 653 (noting that in *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009), the Supreme Court "held that [petitioner's] judgment became final when his 'time for seeking certiorari review in this Court expired'"); *Wall v. Kholi*, 562 U.S. 545, 548 (2011) (explaining that "respondent's conviction became final on direct review when his time expired for filing a petition for a writ of certiorari in this Court" (citing *Jimenez*, 555 U.S. 113)); *Roberts*, 319 F.3d at 694 ("If the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review,'" including the 90-day period within which to file a petition for certiorari.). A contrary rule would permit any petitioner who missed the 90-day certiorari deadline to file a petition for certiorari years later and argue that his one-year limitations period did not begin until that late petition was denied. We thus decline to read the Supreme Court's apparent practice of denying late petitions without explanation, rather than simply refusing to file them, as reviving the direct review of tardy petitioners for purposes of section 2244(d)(1)(A). *Cf. United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (rejecting argument that analogous limitations period in section 2255(f)(1) was restarted when Supreme Court forgave untimeliness of petition through its unexplained and apparently routine denial of that untimely petition).

## III.

For the foregoing reasons, we AFFIRM.

---

[3] We express no opinion on whether, had the Supreme Court exercised its discretion to consider out-of-time criminal petitions and *granted* Catchings's petition, he would thus jump from *Gonzalez*'s second category into its first. *Cf. Jimenez*, 555 U.S. at 121 (holding that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)").