# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**545**
**CAF 14-02153**
PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

IN THE MATTER OF CHRISTOPHER NICHOLSON,
PETITIONER-APPELLANT,

V                                              MEMORANDUM AND ORDER

DONNA M. NICHOLSON, RESPONDENT-RESPONDENT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR
PETITIONER-APPELLANT.

GARY MULDOON, ATTORNEY FOR THE CHILD, ROCHESTER.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Monroe County (John B.
Gallagher, Jr., J.), entered October 6, 2014 in a proceeding pursuant
to Family Court Act article 6.  The order dismissed the petition.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner father, who is serving a term of
imprisonment (*People v Nicholson*, 118 AD3d 1423, *affd* 26 NY3d 813),
filed a petition seeking to modify a prior order permitting him to
communicate with the parties' daughter by letter.  We previously
affirmed an order that, following a hearing, required the father to
mail the letters to the Attorney for the Child (AFC), who would
forward them to respondent mother's attorney to provide to the mother
if, in the AFC's view, it was appropriate to do so (*Matter of
Nicholson v Nicholson*, 96 AD3d 1456).  In support of the instant
petition, the father alleged as a change in circumstances that the
mother was intentionally interfering with his ability to maintain a
relationship with the child based on the fact that he has not received
a response to his letters from the child, although she is capable of
reading and writing.  Contrary to the father's contention, Family
Court did not abuse its discretion in granting the mother's motion to
dismiss the petition without first conducting a hearing (*see Matter of
Fowler v VanGee*, 136 AD3d 1320, 1320).  "To survive a motion to
dismiss, a petition seeking to modify a prior order of . . .
visitation must contain factual allegations of a change in
circumstances warranting modification to ensure the best interests of
the child" (*Matter of Gelling v McNabb*, 126 AD3d 1487, 1487 [internal
quotation marks omitted]).  The petition contains only the father's
speculation that the mother had interfered with the child's ability to
communicate with him, and the record establishes that the AFC
presented the child's position to the court, i.e., that she wished to

hear from the father on occasion but did not want any other contact. We reject the father's further contention in his petition that the mother's failure to inform him of the child's well-being constitutes a change in circumstances, inasmuch as the mother was not required to do so.

We also reject the father's contention that he was denied effective assistance of counsel based upon his attorney's failure to file an amended petition and a written response to the motion to dismiss, and her failure to advocate zealously for a hearing on the petition. We note that, " 'because the potential consequences are so drastic, the Family Court Act affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings' " (*Matter of Brown v Gandy*, 125 AD3d 1389, 1390; *see Matter of VanSkiver v Clancy*, 128 AD3d 1408, 1408). Here, the record establishes that the father's attorney was familiar with the underlying proceedings, communicated with the father, presented the father's position as set forth in his pro se petition and response to the motion to dismiss, and attempted to negotiate a favorable settlement on his behalf, i.e., to permit, inter alia, limited telephone contact with the child. We therefore conclude that the father received meaningful representation (*see generally People v Benevento*, 91 NY2d 708, 712-713; *People v Baldi*, 54 NY2d 137, 147).

Entered:  June 10, 2016                                    Frances E. Cafarell
                                                          Clerk of the Court