In the Matter of YANIQUE S., Respondent-Appellant, v FREDERICK T., Appellant-Respondent. [56 NYS3d 603]—

Egan Jr., J. Cross appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered March 17, 2016, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

Petitioner and respondent previously were involved in a romantic relationship. In September 2015, petitioner filed a family offense petition against respondent alleging, among other things, that respondent slapped her, shook her "like a rag doll" and attempted to engage in sexual intercourse with her against her will. Family Court issued a temporary order of protection in favor of petitioner on September 28, 2015 prohibiting respondent from, among other things, contacting petitioner by mail. In conjunction therewith, respondent also was charged in a local criminal court with criminal mischief, obstructing governmental administration and resisting arrest and was jailed pending resolution of those charges. Petitioner thereafter filed an amended family offense petition in November 2015—amplifying the allegations set forth in her original

petition—and Family Court issued another temporary order of protection.

The matter proceeded to a hearing in March 2016, during the course of which both petitioner and, against counsel's advice, respondent testified. At the conclusion of the hearing, Family Court found that petitioner had established, by a fair preponderance of the evidence, that respondent had—at a minimum—committed the family offense of harassment in the second degree and thereafter issued a two-year order of protection in favor of petitioner. In so doing, Family Court declined to find the existence of aggravating circumstances that, in turn, would have served as a basis for extending the duration of the order of protection. Respondent now appeals, contending that he was denied both his right to counsel and the effective assistance of counsel, and petitioner cross-appeals, arguing that Family Court should have found that aggravating circumstances were present.

We affirm. Initially, with respect to respondent's appeal, there is no question that, as a respondent in a Family Ct Act article 8 proceeding, respondent had the right to the assistance of counsel (*see* Family Ct Act § 262 [a] [ii]), and the record reflects that respondent was apprised of that right upon his first appearance in Family Court and thereafter was assigned counsel to represent his interests in the context of the family offense proceeding. In addition to respondent's statutory right to counsel, the case law makes clear that, even though Family Ct Act article 8 proceedings are civil in nature (*see* Family Ct Act § 812 [2] [b]), "because the potential consequences are so drastic, the Family Court Act affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings" (*Matter of Brown v Gandy*, 125 AD3d 1389, 1390 [2015] [internal quotation marks and citations omitted]; *accord Matter of Nicholson v Nicholson*, 140 AD3d 1689, 1690 [2016], *lv denied* 28 NY3d 903 [2016]; *Matter of Brandon v King*, 137 AD3d 1727, 1728 [2016], *lv denied* 27 NY3d 910 [2016]; *see generally Matter of Finzer v Manning*, 143 AD3d 1287, 1287-1288 [2016]; *Matter of Elizabeth X. v Irving Y.*, 132 AD3d 1100, 1102 [2015]). Accordingly, our inquiry distills to whether respondent was deprived of meaningful representation due to counsel's alleged deficiencies (*see Matter of Hurlburt v Behr*, 70 AD3d 1266, 1267 [2010], *lv dismissed* 15 NY3d 943 [2010])—specifically, counsel's refusal to question respondent under oath.

At the close of petitioner's case, respondent's counsel informed Family Court that he would not be calling any wit-

nesses on respondent's behalf. During the ensuing colloquy between respondent, counsel and Family Court, respondent insisted that he wanted to testify—notwithstanding the pending criminal charges against him and the corresponding potential that any testimony adduced during the course of the Family Court hearing could be used against him in the criminal matter. Despite being both afforded an opportunity to speak with one of the attorneys representing him in the criminal matter and advised of the potential pitfalls associated with testifying, respondent insisted upon doing so, at which point respondent's counsel—citing ethical considerations—indicated that he would not be asking respondent any questions. After much discussion, Family Court informed respondent that he would be testifying in a narrative fashion subject to cross-examination by petitioner's attorney. Respondent now argues that he was denied the effective assistance of counsel due to counsel's refusal to question him on direct examination. We disagree.

"[A]n attorney's duty to zealously represent a client is circumscribed by an 'equally solemn duty to comply with the law and standards of professional conduct . . . to prevent and disclose frauds upon the court'" (*People v DePallo*, 96 NY2d 437, 441 [2001], quoting *Nix v Whiteside*, 475 US 157, 168-169 [1986]). To that end, the Rules of Professional Conduct expressly prohibit an attorney from, among other things, "mak[ing] a false statement of fact or law to a tribunal" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.3 [a] [1]), "offer[ing] or us[ing] evidence that [he or she] knows to be false" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.3 [a] [3]), "suppress[ing] any evidence that [he or she] or the client has a legal obligation to reveal or produce" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.4 [a] [1]), "knowingly us[ing] perjured testimony or false evidence" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.4 [a] [4]) or otherwise "knowingly engag[ing] in other illegal conduct" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.4 [a] [6]).

Where counsel *knows* that his or her client or a witness called by counsel has either "offered material [false] evidence" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.3 [a] [3]) or is engaging, has engaged or intends to engage "in criminal or fraudulent conduct related to the proceeding" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.3 [b]), counsel must undertake appropriate remedial efforts—including making a disclosure to the tribunal (*see People v DePallo*, 96 NY2d at 441; Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.4

[a] [3]; [b]). Absent such knowledge, however, counsel may only do precisely what respondent's counsel did here—inform the court, without elaboration, that he or she has an ethical dilemma, attempt to dissuade the client from testifying and, failing that, present the client's testimony in a narrative fashion (*see People v Andrades*, 4 AD3d 180, 180-181 [2004], *affd* 4 NY3d 355 [2005]; *cf. People v Wesley*, 134 AD3d 964, 965 [2015], *lv denied* 26 NY3d 1151 [2016]). As the Second Department recently reiterated, an attorney confronted with counsel's situation here "must contend with competing considerations—duties of zealous advocacy, confidentiality and loyalty to the client on the one hand, and a responsibility to the courts and our truth-seeking system of justice on the other. Requiring counsel to put on the record his or her reasons [underlying the stated ethical dilemma] and the advice proffered to the [client] related to his or her testimony would not strike the appropriate balance between these competing considerations but rather, would present too great a risk that . . . counsel would be forced to reveal client confidences" (*People v Wesley*, 134 AD3d at 965 [internal quotation marks and citation omitted]). Contrary to respondent's claim, the foregoing procedure did not deprive him of the effective assistance of counsel (*see People v Andrades*, 4 AD3d at 180-181), and, given that counsel otherwise cross-examined petitioner, made appropriate objections, advanced a plausible defense and presented a cogent closing statement, we reject respondent's assertion that he was denied meaningful representation.

As for petitioner's cross appeal, even assuming—without deciding—that the temporary orders of protection issued during the pendency of the family offense proceeding constituted "prior orders of protection" within the meaning of Family Ct Act § 827 (a) (vii) for purposes of making a finding of aggravating circumstances (*see* Family Ct Act § 842; *cf. Matter of Julie G. v Yu-Jen G.*, 81 AD3d 1079, 1082-1083 [2011]), it was for Family Court to determine—in the first instance and based upon the evidence before it—whether such circumstances existed (*see Matter of V.C. v H.C.*, 257 AD2d 27, 35 [1999]). Upon reviewing the record, we cannot say that Family Court, having had the opportunity to assess the testimony and evaluate the credibility of the parties firsthand, abused its discretion in declining to make such a finding here. The parties' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, J.P., Rose, Devine and Clark, JJ., concur. Ordered that the order is affirmed, without costs.