126

Jacqueline WESLEY–ROSA, Petitioner,

v.

Sabina KAPLAN, Respondent.

17–cv–1127 (ENV)

United States District Court,
E.D. New York.

Signed August 11, 2017

Jacqueline Wesley–Rosa, Bedford Hills, NY, pro se.

Thomas M. Ross, Kings County District Attorney, Brooklyn, NY, for Respondent.

## MEMORANDUM & ORDER

VITALIANO, D.J.

*Pro se* petitioner Jacqueline Wesley–Rosa brought this action on February 27, 2017, seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1). Before the Court now are petitioner's (1) a motion to appoint counsel and (2) a motion for stay and abeyance. (Mot. to Appoint Counsel, ECF No. 5; Mot. to Stay, ECF No. 4). For the following reasons, petitioner's motion for stay and abeyance is denied, Wesley–Rosa's petition is dismissed without prejudice and her motion to appoint counsel is denied as moot.

### Background

Following a jury trial in the summer of 2012, Wesley–Rosa was convicted in Kings County Supreme Court of second-degree murder and sentenced to a term of imprisonment of 25–years to life. (Opposition 2, ECF No. 7). On December 16, 2015, the Second Department affirmed her conviction. *People v. Wesley* ("*Wesley I*"), 134 A.D.3d 964, 21 N.Y.S.3d 345 (2d Dep't 2015). The New York Court of Appeals denied petitioner leave to appeal on February 29, 2016. *People v. Wesley* ("*Wesley II*"), 26 N.Y.3d 1151, 51 N.E.3d 576, 32 N.Y.S.3d 65 (2016). She then moved *pro se*, by letter dated May 19, 2016, for reconsideration in the Court of Appeals. (Opposition 4). The Court of Appeals denied that motion on July 27, 2016. *People v. Wesley* ("*Wesley III*"), 27 N.Y.3d 1157, 62 N.E.3d 130, 39 N.Y.S.3d 390 (2016).

While her motion for reconsideration was still pending, Wesley–Rosa also filed, on May 30, 2016, a petition for a writ of certiorari and a motion to proceed *in forma pauperis* ("IFP") in the Supreme Court of the United States. (Opposition 17). On October 3, 2016, the Supreme Court denied petitioner's motion to pro-

ceed IFP, but granted her leave, until October 24, 2016, to pay the docketing fee and to submit a petition that complied with the Supreme Court's booklet-formatting rules. *See* (*id.*); *Wesley–Rosa v. New York,* — U.S. ——, 137 S.Ct. 271, 196 L.Ed.2d 19 (2016); Sup. Ct. R. 33.1 & 38(a). That deadline was subsequently extended to December 23, 2016. (Opposition 17). On December 23, Wesley–Rosa filed a motion for an additional extension of that deadline, which was denied by the Supreme Court on January 6, 2017. (*Id.*). Petitioner's case before the Supreme Court was "considered closed" by that Court on March 9, 2017. (*Id.*).

As her Supreme Court litigation lumbered along, on February 22, 2017, Wesley–Rosa commenced the instant action. (Petition). Her petition raises four claims for relief: (1) denial of her right to a fair trial on the basis, in part, that the "[t]rial was based on a dismissed misdemeanor"; (2) ineffective assistance of trial counsel, based, in part, on counsel's failure to investigate witnesses; (3) manipulation of evidence by the prosecutors, specifically, the presentation of photos of purported exit wounds as depictions of entrance wounds; and (4) prosecutorial misconduct, based, in part, on witness coercion and false opening and closing statements. (*Id.* at 5–6, 8–9).

On April 27, 2017, petitioner filed the motions *sub judice* for the appointment of counsel and for stay and abeyance so that she might return to state court to exhaust her arguably unexhausted claims. (Mot. to Appoint Counsel; Mot. to Stay). Respondent filed an opposition to the motion for stay and abeyance on May 9, 2017. (Opposition). On June 6, 2017, petitioner filed a reply. (Reply, ECF No. 8).

## Discussion

 There is no disagreement between the parties that at least some of petitioner's claims are unexhausted. *See*

(Mot. for Stay 3; Opposition 9). When confronted with a mixed petition, that is, one raising some unexhausted claims with those that are exhausted, a "Court may: (1) dismiss the petition in its entirety without prejudice; (2) deny the entire petition on the merits; (3) allow the petitioner to delete the unexhausted claims and proceed with his exhausted claims; or (4) in limited circumstances, stay the petition to allow petitioner to exhaust his unexhausted claims." *Francois v. Warden of Sullivan Corr. Facility,* No. 12-CV-5333 (RRM), 2014 WL 1153920, at *4 (E.D.N.Y. Mar. 19, 2014). Because Wesley–Rosa has requested stay and abeyance, the Court will evaluate that option first.

 It is well-understood, certainly, that a motion for stay and abeyance of habeas proceedings is addressed to the sound discretion of the district court. *See Rhines v. Weber,* 544 U.S. 269, 276, 125 S.Ct. 1528, 1534, 161 L.Ed.2d 440 (2005) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936) & *Clinton v. Jones,* 520 U.S. 681, 706, 117 S.Ct. 1636, 1650–51, 137 L.Ed.2d 945 (1997)). Even when viewed through the prism of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), that legal sea change did not deprive district courts of their discretion to stay proceedings, but it did circumscribe it. *See id.* Under AEDPA, "stay and abeyance" of habeas proceedings is appropriate only if (1) the unexhausted claims are not "plainly meritless" and (2) "there [is] good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277, 125 S.Ct. 1528, 1534. Additionally, stay and abeyance will not be granted if there is any indication that the "petitioner engaged in intentionally dilatory litigation tactics." *Allen v. New York,* No. 13-CV-0991-JJM, 2016 WL 5928817, at *4 (W.D.N.Y. Oct. 12, 2016).

It is fair to conclude, on this record, that each of petitioner's four claims might succumb, at least in part, to exhaustion challenges. *See* (Opposition 9). Prescriptively, though, at this juncture, it cannot be concluded that, to the extent that there are unexhausted claims, those claims are "plainly meritless." *Rhines*, 544 U.S. at 277, 125 S.Ct. 1528; *see Devaughn v. Graham*, No. 14-cv-2322, 2014 WL 1653277, at *1 (E.D.N.Y. Apr. 24, 2014) (granting stay and abeyance where the court could not conclude "[o]n the face of the petition ... that Petitioner's" unexhausted claim was "without merit"); *Schouenborg v. Superintendent, Auburn Corr. Facility*, No. 08-CV-2865, 2013 WL 5502832, at *8–9 (E.D.N.Y. Sept. 30, 2013) (granting stay and abeyance so that petitioner could exhaust his "potentially meritorious" unexhausted claim).

Yet, and more significantly, no matter how deep into the self-proclaimed hardship barrel she gets in an attempt to scrape together a claim, petitioner has manifestly failed to make a showing of circumstances that satisfy the "good cause" requirement. Wesley–Rosa points to (1) her *pro se* status as an inmate in a maximum security prison; (2) the fact that the process for gaining access to the law library is time consuming; and (3) her obligation to attend mandatory programs in prison, cumulatively, as good cause for her failure to exhaust prior to filing her habeas petition. (Mot. to Stay 3). None of these ordinary badges of incarceration qualifies as good cause sufficient to merit a stay. *See Allen*, 2016 WL 5928817, at *5 ("Basing a finding of good cause upon *pro se* status would render stay-and-abeyance orders routine and thus run afoul of *Rhines* and its instruction that district courts should only stay mixed petitions in limited circumstances." (alterations, citation and internal quotation marks omitted)); *Brown v. Bradt*, No. 11-CV-972 (GLS/CFH), 2013

WL 1636070, at *12 (N.D.N.Y. Mar. 25, 2013) (noting that "an inmate's 'lack of access to a law library does not constitute good cause pursuant to *Rhines*'" (quoting *Berry v. Jacquez*, No. 10-CV-0305, 2011 WL 4738336, at *5 (E.D. Cal. Oct. 5, 2011))), *adopted*, 2013 WL 1628726 (Apr. 16, 2013). Consequently, because Wesley–Rosa has not demonstrated good cause for her failure to exhaust her claims prior to filing this action, her motion for stay and abeyance is denied.

▮ Having declined to stay proceedings on this mixed petition, the Court is presented with only three viable alternate courses of action. *See Francois*, 2014 WL 1153920, at *4. As previewed earlier, it cannot be said, at this stage, that petitioner's claims are plainly meritless. Consideration of the option of outright, final dismissal under such circumstances would be premature and inappropriate. *See id.* As a result, only two options remain: to dismiss the petition in its entirety without prejudice or to allow Wesley–Rosa to delete the unexhausted claims and proceed with her exhausted ones. *See id.* In this litigation posture, a court "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278, 125 S.Ct. 1528. Whether the opportunity to seek vindication of federal habeas rights is unreasonably impaired is principally informed by whether AEDPA's one-year statute of limitations has already expired or will do so shortly. *See Francois*, 2014 WL 1153920, at *4.

With respect to a § 2254 petition, the one-year statute of limitations begins to run "from the latest of" four specific milestone dates. *See* 28 U.S.C. § 2244(d)(1). In specific focus here is "the date on which

the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The text of § 2244(d)(1)(A) consists of two branches covering different classes of petitioners. *See Gonzalez v. Thaler,* 565 U.S. 134, 150, 132 S.Ct. 641, 653, 181 L.Ed.2d 619 (2012). For those "who pursue direct review all the way to [the Supreme] Court, the judgment becomes final ... when [that] Court affirms a conviction on the merits or denies a petition for certiorari." *Id.* "For all other petitioners, the judgment becomes final at the 'expiration of time for seeking [direct] review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Id.*

■ Thus, where a petitioner has timely sought direct review before the state's highest court but not before the Supreme Court, her "conviction becomes final when 'the time for filing a certiorari petition expires.'" *Jimenez v. Quarterman,* 555 U.S. 113, 119, 129 S.Ct. 681, 685, 172 L.Ed.2d 475 (2009) (quoting *Clay v. United States,* 537 U.S. 522, 527, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003)); *see also Gonzalez,* 565 U.S. at 150, 132 S.Ct. 641 (holding that, where a § 2254 petitioner does not seek direct review in the state's highest court, her judgment becomes "final

when the time for seeking review with the State's highest court expire[s]"). Barring extensions granted by the Supreme Court, certiorari petitions are due 90 days after the final decision of a state's highest court. *See* Sup. Ct. R. 13.1; *Davis v. Racette,* 99 F.Supp.3d 379, 384 (E.D.N.Y. 2015).

When compliance with a limitations period is in the cross hairs, naturally, a precise recounting of the filing history is required. A comprehensive recounting here shows that, on February 29, 2016, the New York Court of Appeals denied Wesley–Rosa leave to appeal the Second Department's affirmance of her conviction. *Wesley II,* 26 N.Y.3d at 1151, 51 N.E.3d 576. The 90th day following that final state court decision fell on Sunday, May 29, 2016. *See* Sup. Ct. R. 30.1. When the last day to perform an act required by the Supreme Court Rules falls on a weekend or a federal legal holiday, however, those same rules extend the deadline "until the end of the next day that is not a Saturday, Sunday, [or] federal legal holiday." *Id.* Because Memorial Day was observed on Monday, May 30, 2016, *see* 5 U.S.C. § 6103(a), Wesley–Rosa's certiorari petition was required to be filed no later than May 31, 2016. Therefore, since the certiorari petition, the record shows, was filed on May 30, 2016, it was timely.[1] (Opposition 17). Thus, for purposes of

---

1. Respondent concocts a relation-back argument that Wesley–Rosa's certiorari petition was defective for § 2244(d)(1)(A) purposes due to her post-filing failure to pay the filings fee and to submit a revised petition conforming to the Supreme Court's booklet-formatting rules. (Opposition 13). In essence, without root in a provision of statute or rule, respondent argues that the failure to perfect the certiorari petition, even though validly and timely filed, requires a relating back for finality purposes to the last day that a petition could have been filed—in this case, May 31, 2016. *See (id.).* In support of its argument to disregard the certiorari petition that Wesley–Rosa actually filed in a timely fashion, respondent cites an out-of-circuit decision that is

highly distinguishable for the fact that the § 2254 petition there called into issue was *untimely* as of its original filing date. *See Catchings v. Fisher,* 815 F.3d 207, 209 & n.2 (5th Cir. 2016). The Court is unaware of any other decision with facts even remotely similar to this case—and, certainly, none in which the certiorari petition was timely filed—supporting respondent's position. In the absence of any statutory provision, rule or binding precedent requiring the Court to close its eyes to Wesley–Rosa's validly and timely filed certiorari petition, the Court declines to weave a rule out of whole cloth that would have the effect of retroactively shortening the limitations period.

§ 2244(d)(1)(A), her conviction became final when the Supreme Court denied her certiorari petition.[2] *See Gonzalez*, 565 U.S. at 150, 132 S.Ct. 641.

This decision continues on, nonetheless, because there is a catch-22. The Supreme Court docket has no entry for an order denying Wesley–Rosa's certiorari petition. *See* (Opposition 17). To be puzzled, then, with neither an affirmance nor a denial of certiorari on the docket, is what date should be used for § 2244(d)(1)(A) purposes. Along with the absence of statute or rule, authoritative caselaw on this point is nonexistent. In the vacuum, two dates jump to prominence: (1) the Supreme Court's denial of Wesley–Rosa's motion for an extension of time to pay the filing fee and to submit a brief conforming to the Supreme Court's formatting requirements (January 6, 2017) or (2) the date on which the Supreme Court docket reflects that the case was "considered closed" (March 9, 2017). *See* (Opposition 17). Of the two dates, the date when the Supreme Court terminated its consideration of the entire case seems to better comport with the "conclusion of direct review" language in AEDPA because it is the closest analogue to (indeed, the functional equivalent of) a denial of a certiorari petition. *Compare, e.g., Wesley–Rosa v. New York*, No. 15–9666 (U.S.), https://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-9666.htm, *and Benitez v. Mississippi*, No. 15–9477 (U.S.), https://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-9477.htm, *with, e.g., Chepak v. N.Y.C. Health & Hosps. Corp.*, No 15–9776 (U.S.), https://www.supremecourt.gov/search.aspx?filename=/docketfiles/11-9776.htm, *and BeavEx Inc. v. Costello*, No. 15–1305 (U.S.), https://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-1305.htm. For calendar computation purposes, then, Wesley–Rosa's one-year clock began to run on March 9, 2017, and, absent tolling,[3] the deadline for filing her new § 2254 petition would be March 9, 2018.

On this calendar, following dismissal of the entire petition without prejudice, Wesley–Rosa would have at least six months to refile her petition. Under these circumstances, the Court finds that dismissal of what the parties have represented as a mixed petition would not unduly burden petitioner's right to seek habeas relief in federal court. Accordingly, in the exercise of sound discretion, the Court dismisses Wesley–Rosa's petition without prejudice to the filing of a new petition asserting fully exhausted claims. *See Rhines*, 544 U.S. at 278, 125 S.Ct. 1528; *Francois*, 2014 WL 1153920, at *4. It will be solely petitioner's burden to keep watch on her limitations calendar, and to return to federal court in a timely fashion. In light of this dismissal, petitioner's motion to appoint counsel is denied as moot.

---

**2.** Given the conclusion that Wesley–Rosa timely filed her certiorari petition, the Court need not, and does not, address respondent's argument that the purported untimeliness of petitioner's motion for reconsideration before New York's high court did not extend the 90-day window. (Opposition 12–13). It should be noted, however, that respondent's argument would have to contend with the plain language of Supreme Court Rule 13.3. *See* Sup. Ct. R. 13.3 (noting that "if the lower court appropriately entertains an untimely petition for rehearing ..., the time to file the petition for a writ of certiorari ... runs from the date of the denial of rehearing").

**3.** The Court draws petitioner's attention to the fact that, although "a properly filed application for State post-conviction or other collateral review" tolls the statute of limitations, 28 U.S.C. § 2244(d)(2), her filing of the instant § 2254 petition in this Court did not toll it, *see Duncan v. Walker*, 533 U.S. 167, 181–82, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001).

## Conclusion

In line with the foregoing, petitioner's motion for stay and abeyance is denied, the petition is dismissed without prejudice and the motion to appoint counsel is denied as moot.

Since petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S.Ct. 917, 920–21, 8 L.Ed.2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Order to the *pro se* petitioner forthwith, to enter judgment accordingly and to close this case.

So Ordered.