Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered July 1, 2014, convicting him of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The defendant’s contention that his plea of guilty was involuntary because he had a defense is unpreserved for appellate review, since he did not move to withdraw his plea on this basis prior to sentencing (see People v Lopez, 71 NY2d 662, 665 [1988]; People v Rovinsky, 135 AD3d 969, 970 [2016]; People v Banner, 122 AD3d 641 [2014]). Contrary to the defendant’s contention, the exception to the preservation requirement (see People v Lopez, 71 NY2d at 666) does not apply here because the defendant’s allocution did not clearly cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Delarosa, 104 AD3d 956 [2013]; People v Colston, 68 AD3d 1130 [2009]; People v Nash, 38 AD3d 684 [2007]). In any event, the facts admitted in the allocution were sufficient to support the defendant’s plea of guilty (see People v Seeber, 4 NY3d 780, 781 [2005]; People v Colston, 68 AD3d at 1131; People v Sanabria, 52 AD3d 743, 744 [2008]).
 

 The defendant’s contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a “mixed claim” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011]; see People v Evans, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109). Although the defendant made a postconviction motion to vacate the judgment pursuant to CPL 440.10, the issues raised in that motion are not properly before us, as he was denied leave to appeal from the order denying that motion (see People v Dunaway, 134 AD3d 952, 954 [2015]; People v Coleman, 125 AD3d 879, 881 [2015]; People v DeLuca, 45 AD3d 777 [2007]).
 

 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 Balkin, J.P., Miller, Duffy, LaSalle and Brathwaite Nelson, JJ., concur.