People v Shabazz (2019 NY Slip Op 05797)





People v Shabazz


2019 NY Slip Op 05797


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-12642
 (Ind. No. 16-00470)

[*1]The People of the State of New York, respondent,
v
Zarif Shabazz, appellant.


Mark Diamond, New York, NY, for appellant.
Kevin P. Gilleece, Acting District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (David S. Zuckerman, J.), rendered October 3, 2017, convicting him of assault in the second degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was involuntary because the County Court refused to grant him an adjournment so that he could retain private counsel to substitute for his assigned counsel is unpreserved for appellate review, since the defendant did not move to withdraw his plea prior to sentencing or otherwise raise the issue in the County Court (see People v Bridgers, 159 AD3d 715; People v Williams, 156 AD3d 920, 921). In any event, the contention is without merit. "[A]bsent exigent or compelling circumstances, a court may, in the exercise of its discretion, deny a defendant's request to substitute counsel made on the eve of or during trial if the defendant has been accorded a reasonable opportunity to retain counsel of his own choosing before that time" (People v Arroyave, 49 NY2d 264, 271).
Here, the defendant had ample opportunity after his release on bail in January 2017, and even after a trial date of May 8, 2017, was set in March 2017, to retain his own counsel. Further, there were no "exigent or compelling circumstances" warranting a late adjournment (People v Arroyave, 49 NY2d at 271). In that regard, although the defendant made certain generalized complaints about his assigned counsel, these complaints "did not suggest the serious possibility of a[n] . . . impediment to the defendant's representation by assigned counsel" (People v Allison, 69 AD3d 740, 740; see People v Wesley, 134 AD3d 964, 965). Under these circumstances, it was reasonable and not coercive for the court to deny the defendant's application for an adjournment to retain counsel (cf. People v Wesley, 134 AD3d at 964; People v Allison, 69 AD3d at 741; People v Campbell, 54 AD3d 959, 960).
The defendant further asserts that his assigned counsel was ineffective in that he failed to communicate with the defendant, provide requested evidence, or investigate the case, and that his plea of guilty was thereby rendered involuntary. Since the defendant's ineffective assistance of counsel contention implicates the voluntariness of his plea, it is not waived by any valid appeal [*2]waiver (see generally People v Kovalsky, 166 AD3d 900, 901; People v Smith, 162 AD3d 799). However, the defendant's ineffective assistance of counsel contention cannot be reviewed on direct appeal because it is based on matters outside the record on appeal (see People v Stevens, 162 AD3d 1077, 1078; People v Rohlehr, 87 AD3d 603, 604). The appropriate vehicle for review of such a contention is a motion pursuant to CPL 440.10 (see People v Stevens, 162 AD3d at 1078; People v Rohlehr, 87 AD3d at 604).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court