Matter of Calvin L.W. (Dominique H.) (2021 NY Slip Op 04470)





Matter of Calvin L.W. (Dominique H.)


2021 NY Slip Op 04470


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


663 CAF 19-01022

[*1]IN THE MATTER OF CALVIN L.W., III NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; DOMINIQUE H., RESPONDENT-APPELLANT.






DOMINIQUE H., RESPONDENT-APPELLANT PRO SE.
DAVID J. HAYLETT, JR., LOCKPORT, FOR PETITIONER-RESPONDENT.
MELISSA A. CAVAGNARO, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Niagara County (Kathleen Wojtaszek-Gariano, J.), entered April 15, 2019 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Niagara County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother contends that Family Court erred in allowing the mother's attorney to withdraw as counsel and in proceeding with the hearing in the mother's absence. We agree. " 'An attorney may withdraw as counsel of record only upon a showing of good and sufficient cause and upon reasonable notice to the client . . . [, and a] purported withdrawal without proof that reasonable notice was given is ineffective' " (Matter of Gonzalez v Bebee, 177 AD3d 1274, 1275 [4th Dept 2019]; see CPLR 321 [b] [2]). Because there is no indication in the record that the mother's attorney informed her that he was seeking to withdraw as counsel, the court should not have relieved him as counsel (see Gonzalez, 177 AD3d at 1275; Matter of Menghi v Trotta-Menghi, 162 AD3d 771, 772 [2d Dept 2018]; cf. Matter of Patience T. [Christopher T.], 173 AD3d 1761, 1762 [4th Dept 2019]). Although, generally, no appeal lies from an order entered on default (see CPLR 5511; Menghi, 162 AD3d at 772), here, the absence of evidence that the mother was put on notice of her attorney's motion to withdraw renders the finding of default improper, and thus the mother's appeal is not precluded (see Gonzalez, 177 AD3d at 1275; Menghi, 162 AD3d at 772). We therefore reverse the order and remit the matter to Family Court for the assignment of new counsel and a new
hearing (see Gonzalez, 177 AD3d at 1275).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court