Matter of Arielle L. (Cassandra B.) (2025 NY Slip Op 02704)

Matter of Arielle L. (Cassandra B.)

2025 NY Slip Op 02704

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, DELCONTE, AND KEANE, JJ.

389 CAF 24-00914

[*1]IN THE MATTER OF ARIELLE L., RICHARD L., AND LARRY L. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CASSANDRA B., RESPONDENT-APPELLANT. 

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
SAM FADUSKI, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), dated June 11, 2024, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected the subject children. 
It is hereby ED that said appeal is unanimously dismissed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order of fact-finding and disposition that, inter alia, adjudged the subject children to be neglected. The mother failed to appear at the fact-finding hearing, and her attorney, who had just withdrawn from the representation, did not participate in the hearing. Under those circumstances, we conclude that the mother's failure to appear constituted a default, and we therefore dismiss the appeal (see Matter of Josaph M. [Wanda A.] [appeal No. 3], 221 AD3d 1458, 1459 [4th Dept 2023], lv denied 42 NY3d 903 [2024]; Matter of Heavenly A. [Michael P.], 173 AD3d 1621, 1622 [4th Dept 2019]; see generally CPLR 5511). We note that, on appeal, the mother does not contend that Family Court erred in allowing the mother's attorney to withdraw as counsel and that the entry of a default order was thus improper (cf. Matter of Calvin L.W. [Dominique H.], 196 AD3d 1181, 1182 [4th Dept 2021]).
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court