Matter of Veronica LL. v Ethan LL.

2026 NY Slip Op 02311

April 16, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Veronica LL., Respondent,

v

Ethan LL., Appellant.

Decided and Entered:April 16, 2026

CV-24-2115

Calendar Date: February 10, 2026

Before: Aarons, J.P., Ceresia, Mcshan, Mackey And Corcoran, JJ.

Ethan LL., Clifton Park, appellant pro se.

Carl D. Birman, Albany, for respondent.

[*1]

Corcoran, J.

Appeal from an order of the Family Court of Saratoga County (Jeffrey Wait, J.), entered November 25, 2024, which, in a proceeding pursuant to Family Ct Act article 8, granted respondent's assigned counsel's motion for leave to withdraw and denied respondent's request for the appointment of new assigned counsel.

In October 2023, petitioner commenced this family offense proceeding pursuant to Family Ct Act article 8, alleging that respondent sent her threatening communications related to ongoing legal disputes and posted social media videos accusing petitioner of kidnapping the parties' children, which allegedly prompted third-party threats against her. Before a fact-finding hearing was held on her petition, respondent's assigned counsel moved to withdraw on the ground that the attorney-client relationship had irretrievably broken down. Respondent opposed the motion and sought, in the alternative, the appointment of new counsel. Family Court granted counsel's application to withdraw and denied respondent's motion seeking new counsel, concluding that moving counsel could no longer effectively represent respondent and that respondent forfeited his right to further assignment of counsel. Respondent appeals, and we affirm.FN1

Initially, respondent contends that he lacked notice of counsel's motion to withdraw and was thus deprived of due process. "Once counsel has been assigned, an attorney of record may withdraw from representation only upon reasonable notice to his or her client" (Matter of Richard TT. [Kara VV.], 223 AD3d 1070, 1071 [3d Dept 2024] [citations omitted], appeal dismissed 41 NY3d 989 [2024]; see Matter of Alicia EE. [Adam FF.], 72 AD3d 1155, 1156 [3d Dept 2010]). Here, the record establishes that respondent received a copy of counsel's motion to withdraw and submitted papers opposing the motion on the merits. Under these circumstances, respondent was afforded notice and a meaningful opportunity to be heard (compare Matter of Richard TT. [Kara VV.], 223 AD3d at 1071-1072; Matter of Calvin L.W. [Dominique H.], 196 AD3d 1181, 1182 [4th Dept 2021]; Matter of Menghi v Trotta-Menghi, 162 AD3d 771, 772 [2d Dept 2018]).

Contrary to respondent's contention, the record supports Family Court's determination that the attorney-client relationship between respondent and assigned counsel had irretrievably broken down. "The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court, and the court's decision should not be overturned absent a showing of an improvident exercise of discretion" (Applebaum v Einstein, 163 AD3d 905, 907 [2d Dept 2018] [internal quotation marks and citations omitted]). An attorney may withdraw from representing a client if the "client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively" (Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.16 [c] [7]).

Here, assigned counsel moved to [*2]be relieved based upon respondent's express accusation that counsel was acting against his interests and participating in a broader judicial conspiracy against him, claims that inhibited a functional attorney-client relationship. Family Court reviewed counsel's motion and respondent's submissions (which included written communications between counsel and respondent) and properly determined that there was "good and sufficient cause" for withdrawal (Matter of Richard TT. [Kara VV.], 223 AD3d at 1072).

The record also supports Family Court's determination that respondent forfeited his right to assignment of further counsel in the proceeding. Family Ct Act article 8 proceedings implicate a litigant's statutory right to assigned counsel (see Family Ct Act § 262 [a] [ii]; Matter of Yanique S. v Frederick T., 151 AD3d 1222, 1223 [3d Dept 2017]). An indigent party's right to assigned counsel under the Family Ct Act, however, is not absolute (see Matter of Burley v Richmond, 243 AD3d 1372, 1374 [4th Dept 2025]). Indeed, "egregious conduct by a [party] can lead to a deemed forfeiture of the fundamental right to counsel, but only as a matter of extreme, last-resort analysis" (People v Shanks, 37 NY3d 244, 253 [2021] [internal quotation marks, brackets, ellipsis and citation omitted]; see Matter of Sa'Nai F.B.M.A. [Chaniece T.], 232 AD3d 597, 599 [2d Dept 2024]). A litigant may forfeit the right to assigned counsel through a "persistent pattern of threatening, abusive, obstreperous, and uncooperative behavior with successive assigned counsel" (Matter of State of New York v Victor H., 231 AD3d 837, 838 [2d Dept 2024] [internal quotation marks and citation omitted], lv denied 43 NY3d 904 [2025]).

Here, Family Court relied on the cumulative nature of respondent's conduct toward eight assigned attorneys in Family Court and local courts, each of whom were relieved from representation upon their motions or at respondent's behest. Family Court appropriately found that respondent repeatedly rejected sound professional advice, made improper demands and engaged in conduct that caused the breakdown of multiple attorney-client relationships. As noted by Family Court, due to respondent's threats of litigation against the assigned counsel program, that program declined to process any further applications on his behalf, requiring Family Court to make direct assignments of counsel to respondent. Under these circumstances, Family Court correctly determined that further appointments would be futile.FN2

Respondent's remaining claims do not require extended discussion. Certain claims, including those premised on alleged violations of the Americans with Disabilities Act, allegations of judicial bias and challenges to Family Court's recusal determination are unpreserved, as they were not asserted in opposition to counsel's motion to withdraw or prior to the issuance of the November 25, 2024 order. Respondent's other arguments and applications, including requests to discipline petitioner's [*3]counsel and the assigned counsel program, do not relate to the order appealed from and are not properly before this Court (see Smith v Smith, 277 AD2d 531, 532 [3d Dept 2000]). Respondent's remaining contentions, including his request for sanctions, have been examined and found to be without merit.

Aarons, J.P., Ceresia, McShan and Mackey, JJ., concur.

ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The order granting assigned counsel's motion to be relieved is nondispositional in nature and, thus, not appealable as of right (see Family Ct Act § 1112 [a]). Nevertheless, we will treat respondent's notice of appeal as a motion for leave to appeal and grant it (see Matter of Casey Q. v Jeffrey O., 244 AD3d 1519, 1521 [3d Dept 2025]).

Footnote 2: Contrary to respondent's contention, the November 2024 order, by its express terms, is limited to this proceeding and does not purport to bar respondent from seeking assigned counsel in unrelated future proceedings.